■    IRENE BUSSING, Appellant, v JOHN CALIGIURI et al., Respondents.—In an action, *inter alia,* for a reconveyance of certain real property, plaintiff appeals from (1) an order of the Supreme Court, Richmond County, dated May 25, 1977, which (a) granted the defendants' motion for a protective order in connection with certain examinations before trial and (b) denied the plaintiff's cross motion to strike the defendants' answer and (2) so much of a further order of the same court dated August 17, 1977, as, upon reargument, adhered to the original determination. Appeal from order dated May 25, 1977 dismissed as academic. That order was superseded by the order of August 17, 1977. Order dated August 17, 1977 affirmed insofar as appealed from, without prejudice to a formal application being brought, pursuant to CPLR 3120, upon sufficient supporting papers, for discovery and inspection of documents. The defendants are awarded one bill of $50 costs and disbursements to cover both appeals. Special Term properly held that it had power to relieve the defendants of the stipulation adjourning an oral deposition without a reservation of rights. Parties may be relieved from stipulations if there has been a showing of fraud, collusion, mistake, accident, surprise, or where it otherwise appears that to deny relief would be harsh or unjust (see *Thermalectric, Inc. v Still-Man Mfg. Corp.,* 43 AD2d 734; 2 Carmody-Wait 2d, NY Prac, § 7:20, p 29). Upon the papers before Special Term, it would be a harsh result to require the defendants to produce all of the documents sought merely because the defendants had not

included a reservation of rights in a stipulation adjourning an oral deposition. The authorities relied upon by the plaintiff are distinguishable on their underlying facts. Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.